■ In the Matter of PAUL ADAMKOSKI, Respondent, v. TOWN BOARD OF THE TOWN OF PERTH, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered July 26, 1974 in Fulton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, for reinstatement to his position as a member and chairman of the Perth Planning and Zoning Board. On this appeal, the basic issue concerns the propriety of appellant's removal of petitioner from the Perth Planning and Zoning Board after a legislative type hearing which served solely to adduce the opinions of the local populace on the matter, which opinions were, incidentally, all in favor of the petitioner. To Special Term, this procedure proved to be unsatisfactory and, after finding that appellant's actions were arbitrary and capricious and without legal justification, it ordered petitioner's reinstatement. We agree with Special Term. The relevant statutory provision here is subdivision 1 of section 271 of the Town Law pursuant to which appellant may remove petitioner from the planning board only "for cause and after public hearing." In our opinion, the plain meaning of this statutory language is that, prior to removal, there must be an administrative type hearing at which factual evidence is produced substantiating just cause for the removal (cf. *Matter of Gersh* v. *Village of Tuckahoe*, 23 A D 2d 258; *Matter of Battipaglia* v. *Executive Committee of Democratic County Committee of County of Queens*, 20 Misc 2d 226). Where, as here, there has been no such hearing, the removal cannot be permitted to stand. We would also note that Special Term was correct in ordering petitioner's immediate reinstatment rather than returning the matter to appellant for another hearing. Petitioner had been unjustly removed from the board by appellant and his term of appointment thereto had not expired. Furthermore, there had been no showing that he was unfit for the position or that his resumption thereof would endanger the public welfare in any way. Accordingly, he was entitled to reinstatement without awaiting further action by appellant (see generally 4 McQuillan, Municipal Corporations, § 12.268e). Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.